IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07mc46

| | |
|---|---|
| IN RE: ASSIGNMENT OF LEASE AND ) <br> AGREEMENT (VALUE LODGE, ) <br> CHARLOTTE, NC), AS MORE ) <br> PARTICULARLY DESCRIBED AT BOOK ) <br> 16919, PAGE 737, IN THE ) <br> MECKLENBURG COUNTY, NORTH ) <br> CAROLINA, PUBLIC REGISTRY ) <br> _____ ) <br> FILE IN GRANTOR INDEX UNDER: ) <br>  ) <br> \_\_\_\_\_VALUE LODGE\_\_\_\_\_ ) <br> \_\_\_SHANTI PROPERTIES LLC\_\_\_ ) <br> \_\_\_JASMIN J. PATEL_____ ) | **ORDER** <br> **AND LIS PENDENS** |

WHEREAS, the United States of America, by and through Jennifer LaFortune, detective, Charlotte-Mecklenburg Police Department, Charlotte, North Carolina, has presented an affidavit to the Court alleging that the above-captioned property facilitated controlled substances trafficking in violation of 21 U.S.C. § 801 *et seq*, and,

WHEREAS, the Court, having reviewed the affidavit, finds that there is probable cause to believe that the property facilitated controlled substances trafficking, in violation of 21 U.S.C. §801 *et seq*; and,

WHEREAS, upon this finding of probable cause, the property may be subject to criminal or civil forfeiture to the United States pursuant to 18 U.S.C. §§ 981 and 982, and/or 21 U.S.C. §§ 881 and 853, and the government is entitled to record a lis pendens to give public notice of the government's forfeiture interest and potential civil and/or criminal forfeiture claim against the property;

THEREFORE, the United States is directed forthwith to file this Order and Lis Pendens with the appropriate state or local public depository to prevent the flight or transfer of the property so that the United States may initiate action to adjudicate forfeiture of the property; and,

ALL WHO READ THIS ORDER AND LIS PENDENS TAKE NOTICE that the property is subject to forfeiture to the United States in a present or future criminal or civil *in rem* action before this Court, and any person who has a question as to this action should contact:

    United States Attorney for the Western District of North Carolina
    Attn: Thomas R. Ascik, Assistant United States Attorney
    100 Otis Street
    Asheville, North Carolina
    (828) 271-4661

This the 23rd day of August, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

**TO THE RECORDER OF THIS INSTRUMENT: MAIL ANY AND ALL RECORDED COPIES TO THE UNITED STATES ATTORNEY FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT THE ABOVE ADDRESS.**

AFFIDAVIT
of Jennifer LaFortune, Detective
Charlotte-Mecklenburg Police Department



FILED
CHARLOTTE, NC
AUG 2 3 2007
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

JENNIFER LAFORTUNE, a detective with the Charlotte-Mecklenburg Police Department, Charlotte, North Carolina, first being duly sworn, avers:

1. At all times and for all events described and referred to in this Affidavit, the real property at 2721 East Independence Boulevard, Charlotte, North Carolina (the Property), was owned by Wallace Independent Properties, LLC, c/o John M. Wallace III.

2. At all times and for all events described and referred to in this Affidavit, a motel business was being operated on the real property at 2721 East Independence Boulevard under a lease from Wallace Independent Properties, LLC.

3. At all times and for all events described and referred to in this Affidavit, Wallace Independent Properties, LLC did not own the motel building and did not operate the motel business.

4. At all times and for events described and referred to in this Affidavit, Southern Real Estate managed the real property at 2721 East Independence Boulevard for and was the agent of Wallace Independent Properties, LLC.

5. In 2003 and until March 2004, Sree Hotels owned the lease and operated the motel business on the Property.

6 Under the lease, the motel business that is currently being operated on the Property is Value Lodge.

## 2003

7. On May 28, 2003, officers of the Charlotte-Mecklenburg Police Department (CMPD) executed lawful search warrants on the Property. As a result of the searches, officers confiscated 2.75 grams of cocaine, 20.6 grams of marijuana, $422.35 dollars in U.S. Currency, 4 cell phones, and a two-way radio from Room 224; and 39 grams of marijuana, packaged for distribution in 19 separate baggies, portable scales, a pipe used to ingest marijuana, $131.00 dollars in U.S. Currency, shotgun ammunition, and 9mm handgun ammunition from Room 226.

8 On June 6, 2003, CMPD officers, working undercover, purchased marijuana and cocaine in Room 247 of the Property.

9. On July 9, 2003, Patricia H. Barker, Nuisance Abatement Coordinator for the CMPD, sent a Nuisance Letter addressed to John M. Wallace, III, 2112 Cloister Dr., Charlotte, North Carolina 28211. This letter referenced four controlled substance violations that occurred on the Property, on May 27, May 28, and two on May 30, 2003. On the same date, Barker spoke on the telephone to Steve Banner of Southern Real Estate about the same incidents on the Property.

10. On July 16, 2003, Barker received a letter from Sree Hotels, LLC, concerning the same incidents.

11. In 2003, CMPD officers made 93 arrests on the Property. Thirty-four of the 93 arrestees claimed to be residents of the Value Lodge. Forty-two of those 93 arrests were drug related. Sixteen of the 42 drug-related arrestees claimed to be residents of the Value Lodge. 2003.

**2004**

12. In March 2004, Shanti Properties, d/b/a Value Lodge, purchased the lease from SREE Hotels.

13. On March 9, 2004, Nuisance Abatement Coordinator Barker and CMPD officers met with Sam Patel, the manager of the Value Lodge. On March 25, 2004, Barker met with Sam Patel and Kanti Patel, a co-owner of the Value Lodge. Practical measures that Shanti Properties could take to inhibit and prevent crime were extensively discussed.

14. On March 25, 2004 CMPD officers executed a lawful search warrant on the Property and seized 12 individually wrapped pieces of crack cocaine, one additional loose piece of crack cocaine, and two marijuana cigars from Room 225.

15. On March 30, 2004, CMPD officers, working undercover, purchased two individual pieces of crack cocaine from a suspect in the common area of the Value Lodge.

16. On March 30, 2004, CMPD officers, working undercover, purchased two pieces of crack cocaine from a suspect Stanton in the common area of the Property. The suspect had twenty additional pieces of crack cocaine packaged in plastic baggies on his person. When Room 206 was searched with the suspect's consent, officers confiscated plastic baggies and two knives with probable cocaine residue on the blades. The suspect stated that he had been living at the Property in Room 206 for two weeks.

17. On April 23, 2004, Barker sent a letter addressed to John M. Wallace, III, Southern Real Estate, 2112 Cloister Dr., Charlotte, NC which referenced a controlled substance violation that occurred on the Property on April 2 and 8, 2004. On April 29, 2004, Barker spoke to Steve Banner of Southern Real Estate about the same violation and the use of the Property for unlawful purposes.

18. On August 08, 2004, a CMPD officer, working undercover, purchased one piece of crack cocaine from Tamika Anderson in the common area of the Property, and another CMPD officer purchased two pieces of crack cocain from Anderson, who went to an unknown room on the Property to get the crack cocaine that she sold to the undercover officers.

19. On November 19, 2004, CMPD officers searched Room 247 of the Property with the consent of one of the occupants. The search resulted in the confiscation of eight individually packaged pieces of crack cocaine, a small amount of marijuana, and $165.00 in cash. Sean White, another occupant in the room, admitted that he was selling the cocaine to pay for his rent and that the marijuana was for his personal use.

20. In 2004, CMPD officers made 87 arrests on the Property. Thirty-seven of the 87 arrestees claimed to be residents of the Value Lodge. Thirty-nine of those 87 arrests were drug related. Eighteen of the 39 drug-related arrestees claimed to be residents of the motel.

**2005**

21. On March 23, 2005, a CMPD officer, with probable cause, pursued a suspect, who had dropped a .22 caliber handgun, from the common areas into Room 227 of the Value Lodge, where 32 bags of marijuana and two spent .22 caliber shells casings were discovered.

22. On July 13, 2005, CMPD officers smelled a strong odor of marijuana coming from Room 107 of the Value Lodge. With the consent of the occupant, the officers searched the room and seized a total of 2.1 grams of cocaine in several individual packages, electronic scales, and plastic baggies.

23. On October 25, 2005, CMPD officers searched Room 233 of the Value Lodge with the consent of a recent occupant and a security officer of the Property. As a result of the search, officers seized crystal methamphetamine packaged for distribution in six small bags and a .45 caliber Glock pistol.

24. On December 06, 2005, Barker and CMPD officers met with Steve Banner and Louis Rose of Southern Real Estate to discuss the criminal activity and possible solutions at the Property.

25. On December 09, 2005, Barker sent a certified letter to Kanhailal Sahl, registered agent for Shanti Properties, LLC., at 2721 E. Independence Blvd., informing him that the property had been utilized to facilitate controlled-substance violations.

26. In 2005, CMPD officers made 53 arrests on the Property. Twenty-two of the 53 arrestees claimed to be residents of the Value Lodge. Twenty-seven of those 53 arrests were drug related. Ten of the 27 drug-related arrestees claimed to be residents of the Value Lodge.

**2006**

27. On January 10, 2006, a CMPD officer followed a stolen car to the parking lot at the Value Lodge on the Property. The two occupants of the car gave their home address as Room 106 of the Value Lodge. The officer searched one of the occupants of the car and found seven individual baggies of marijuana on his person.

28. On February 21, 2006, a CMPD officer responded to an anonymous complaint that controlled substances were being sold in Room 240 of the Value Lodge and that the suspected seller of controlled substances a black Lexus automobile, from which automobile he sold cocaine in the parking lot of the Value Lodge. After encountering three individuals, one of whom was in a black Accura automobile, the officer seized two small baggies of marijuana and approximately .5 grams of cocaine from one individual; and six baggies of marijuana from another individual. A .12 gauge shotgun and ammunition was seized from the trunk of the black Acura.

29. On March 10, 2006, a certified letter was sent to Kanhailal Sahl, registered agent for Shanti Properties, LLC, at 2721 E. Independence Blvd, regarding a controlled substance violation that occurred at that location on February 21, 2006.

30. On March 24, 2006, a certified letter was sent to Kanhailal Sahl, registered agent for Shanti Properties, LLC, at 2721 E. Independence Blvd., regarding a controlled substance violation that occurred at that location on March 06, 2006.

31. On March 29, 2006, CMPD officers conducted an undercover operation at the Value Lodge to investigate unlawful sales of controlled substances on the premises. The officers Vice Detectives made four purchases of illegal drugs from three different people within approximately fifteen minutes.

One officer was solicited by a man in the public area in the back of the motel. When the officer agreed to purchase $40.00 worth of crack cocaine, the subject went to room Room 226 and then returned to deliver the crack cocaine to the officer.

While waiting for the subject to return, the officer spoke with another person who was also waiting to complete a purchase of crack cocaine. This person told the officer that he usually comes to the Value Lodge to get his crack cocaine.

Another officer, who had rented a room at the Value Lodge, was walking in the public area in the back of the motel property when he was approached by a subject who solicited him to purchase controlled substances. The office agreed to purchase $20.00 worth of cocaine from the subject who went to Room 226 and then returned with the crack cocaine.

Later, the first officer was standing outside on the second floor balcony of the motel and asked a man if he had "any weed." Thereupon, the man, saying that he had only a small amount left, sold the officer $5.00 worth of marijuana. The subject was staying in Room 239 and sold the marijuana to the officer from that room.

A third officer was approached by a subject who solicited the officer to purchase controlled substances. The officer agreed to purchase $10.00 worth of marijuana from the subject who left and returned about ten minutes later with the marijuana.

32. On April 07, 2006 Barker met with the owners of the Value Lodge, Sitaram Patal, Ken Sah, Vikram Krishnani, and Subodh (Sam) Patel, the latter two of whom are also the managers of the motel, concerning the continuing problem of controlled substance activity at the motel.

33. On May 10, 2006, CMPD officers conducted an undercover operation at the Value Lodge. The Detectives rented a room at the motel in an effort to observe the extent of sales of controlled substances and related activity. The detectives made three purchases of controlled substances.

Shortly after beginning the operation, one of the officers purchased one piece of crack cocaine for $20.00 from a subject who was walking in the public area on the second floor of the motel.

The same officer and another officer were solicited by a second subject who sold them one piece of crack cocaine for $20.00.

The same two officers were solicited by a third subject who offered to provide two prostitutes to the officers while they were staying at the hotel.

The first officer was solicited by a fourth subject who then sold two bags of marijuana to the officer for $20.00 each.

34. On September 15, 2006, two CMPD officers, working undercover, went to the office of the Value Lodge and rented Room 106. As they walked in the public area from the office to their room, they were approached by a man who stated that he was staying in Room 107 and that he could get them "anything they wanted." While in their room, a woman entered and negotiated to sell crack cocaine to the officers. After she had left, a man entered the room and sold the officers crack cocaine. The officers stayed at the motel for approximately one and one-half hours, and during that period of time, they were solicited in public areas of the motel by about eight persons to purchase crack cocaine.

35. In 2006, CMPD officers made 77 arrests on the Property. Twenty-five of the 77 arrestees claimed to be residents of the Value Lodge. Thirty of the 77 arrests were drug-related. Twelve of the 30 drug-related arrestees claimed to be residents of the Value Lodge.

**2007**

36. In 2007, CMPD officers have made 15 arrests on the Property. One of the 15 arrestees claimed to be a resident of the Value Lodge. Five of the 15 arrests were drug-related, and none of those five claimed to be residents of the Value Lodge.

BASED ON THE FOREGOING, there is probable cause to believe that the real property, together with all appurtenances and improvements, and the leasehold, together with all appurtenances and improvements, at 2721 East Independence Boulevard, Charlotte, North Carolina, is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7) because it has been used and has been intended to be used to commit or facilitate violations of Chapter 13, Drug Abuse Prevention and Control, Subchapter I, Control and Enforcement, of Title 21 of the United States Code, 21 U.S.C. §§ 801, *et seq.*, punishable by more than one year's imprisonment.

_____
JENNIFER LAFORTUNE

Sworn to and subscribed before me

This the 23d day of August, 2007.

_____
UNITED STATES MAGISTRATE JUDGE